UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA                    JUDGMENT INCLUDING SENTENCE
           -v-                              UNDER THE SENTENCING REFORM ACT

SONIA BRIDGMOHAN                            CASE NUMBER:CR-03-616 (ARR)
----------------------------------------x   CHRISTOPHER RENFROE, ESQ
                                            118-35 QUEENS BOULEVARD
                                            NEW YORK, NEW YORK 11375
                                            Defendant's Attorney & Address

THE DEFENDANT:
XXX  was found guilty on counts one & two of the superseding indictment after a plea of
     not guilty.
     Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the
following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 18 USC 371 | CONSPIRACY TO POSSESS COUNTERFEITED SECURITIES. | ONE (1) |
| 18 USC 513(a) | POSSESSION OF COUNTERFEITED SECURITIES. | TWO (2) |

The defendant is sentenced as provided in pages 2 through    of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s)         and is discharged as
     to such count(s).
___  Remaining counts are dismissed on the motion of the United States.
XXX  It is ordered that the defendant shall pay to the United States a special
     assessment of $200.00 which shall be due  XXX immediately  ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this
district within 30 days of any change of residence or mailing address until all fines,
restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec #_                        APRIL 27, 2005
                                           Date of Imposition of Sentence
Defendant's Date of Birth 1/29/76

Defendant's Mailing Address:               ALLYNE R. ROSS, U.S.D.J.

661 EAST 235th STREET, 2nd FL.                 APRIL 27, 2005
                                                    Date
BRONX, NEW YORK 10466
                                           A TRUE COPY ATTEST
Defendant's Residence Address:             Date:_____
                                           ROBERT C. HEINEMANN
       ( SAME AS ABOVE )                   CLERK OF COURT

_____                    By:_____

                                                DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty (30) months. Deft is sentenced to thirty (30) months on count one of the superseding indictment and on count two of the superseding indictment thirty (30) months. Both counts are to run concurrently for the total amount of thirty (30) months incarceration.

\_\_\_ The Court makes the following recommendations to the Bureau of Prisons:

\_\_\_ The defendant is remanded to the custody of the United States Marshal.
\_\_\_ The defendant shall surrender to the United States Marshal for this district,
      \_\_\_ at _____ a.m./p.m. on _____.
      \_\_\_ as notified by the Marshal.

**XXX** The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
      **XXX** before 12:00 noon on June 15, 2005.
      \_\_\_ as notified by the United States Marshal.
      \_\_\_ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

                                        United States Marshal

                                        By_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) DEFT SHALL COMPLY WITH THE ORDER OF RESTITUTION.

2) DEFT SHALL MAKE FULL FINANCIAL DISCLOSURE TO THE PROBATION DEPARTMENT.

3) DEFT SHALL SUBMIT HIS PERSON, RESIDENCE, PLACE OF BUSINESS, VEHICLE, OR ANY OTHER PREMISES UNDER HIS CONTROL TO A SEARCH ON THE BASIS THAT THE PROBATION OFFICER HAS REASONABLE BELIEF THAT CONTRABAND OR EVIDENCE OF A VIOLATION OF THE CONDITIONS OF RELEASE MAY BE FOUND; THE SEARCH MUST ALSO BE CONDUCTED IN A REASONABLE MANNER AND AT A REASONABLE TIME; FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION; THE DEFT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO SEARCH PURSUANT TO THIS CONDITION.

___  The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: SONIA BRIDGMOHAN  Judgment - Page of
Case Number: CR-03-616(ARR)

STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: SONIA BRIDGMOHAN  Judgment - Page    of
Case Number: CR-03-616(ARR)

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 200.00   , consisting of a fine of $   N/A      and a special assessment of $ 200.00          .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX** The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

    ___ The interest requirement is waived.
    ___ The interest requirement is modified as follows:

RESTITUTION, FORFEITURE, OR
OTHER PROVISIONS OF THE JUDGMENT

__XXX__ DEFT SHALL MAKE FULL RESTITUTION IN THE AMOUNT OF $46,653.32, TO BE PAID IN MONTHLY INSTALLMENTS EQUAL TO 10% OF THE DEFT'S NET INCOME. RESTITUTION IN THE AMOUNT OF 46,635.32 IS OWED TO AB CAPITAL CORPORATION, AND ALL PAYMENTS SHOULD BE FORWARDED TO THE CLERK OF THE COURT, 225 CADMAN PLAZA EAST, BROOKLYN, NEW YORK 11201.